## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JASON DANIEL,** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | **JUDGE** |
| versus | * | **MAGISTRATE** |
| **SUNBELT RENTALS, INC.** | * | |
| **Defendant.** | * | |

## **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Jason Daniel, who seeks a Declaratory Judgment, pursuant to 28 U.S.C. §2201, that the non-competition and non-solicitation of customers provisions of his Employment Agreement with Defendant, Sunbelt Rentals, Inc., are invalid, null and void, and unenforceable under Louisiana law. In support thereof, Plaintiff avers as follows:

## **PARTIES**

1. Plaintiff, Jason Daniel, is a citizen of the State of Louisiana, residing in Tangipahoa Parish.

2. Made Defendant herein is Sunbelt Rentals, Inc., a foreign corporation authorized to do business in the State of Louisiana that is organized and existing under the laws of the State of North Carolina with its principal place of business in South Carolina.

## JURISDICTION

3. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.[1]

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial amount of the events giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

5. Plaintiff was previously employed by the Defendant as a Louisiana Industrial Account Manager.

6. Plaintiff primarily worked for Defendant out of his home located in Hammond, Louisiana, although Defendnat assigned Plaintiff's "home base" as being a facility located in Geismar, Louisiana.

7. Mr. Daniel's primary job function for the Defendant was selling goods and services to Defendant's customers, which are located throughout Louisiana, including in this judicial district.

8. In connection with his employment with the Defendant, Plaintiff executed an

---

[1] Defendant's restrictive covenants seek to prevent Plaintiff from working in Louisiana for his current employer, EquipmentShare.com Inc., ("EquipmentShare"), for a period of one (1) year. Mr. Daniel is currently earning more than a $75,000.00 annual salary at EquipmentShare; therefore, the amount in controversy is satisfied. *See Sharpe v. Zimmer, Inc.,* No. CV 09-3018, 2009 WL 10690660, at *3 (E.D. La. May 4, 2009) (amount in controversy satisfied when the value of the right to be protected, *i.e.* the Plaintiff's salary over the course of an 18 month period in a restrictive covenant, is greater than $75,000).

Employment Agreement on September 19, 2018 (hereinafter "Agreement"). A copy of the Agreement is attached as Exhibit A to this Complaint, and it is incorporated herein by reference.

9. Included in the Agreement is Paragraph 5 entitled "Restrictive Covenants," which provides at the onset: "For purposes of this Agreement, '<u>Restrictive Covenants</u>' means the provisions of this Paragraph 5."

10. Paragraph 5.2 of the Agreement purports to impose various restrictive covenants on Plaintiff for a period of 1 year following the termination of his employment with the Defendant.

11. Paragraph 5.2.2 of the Agreement purports to be a non-solicitation of customers provision and provides: "[Plaintiff] shall not directly or indirectly…provide or solicit the provision of products or services, similar to those provided by [Defendant] at the 'Designated Stores' (as defined below), to any person or entity who purchased or leased products or services from [Defendant] at any time during the twelve (12) calendar months immediately preceding the termination or expiration of this Agreement for any reason and for or with whom [Plaintiff] had contact, responsibility or access to Confidential Information related to such person or entity; provided, however, the restrictions of this Paragraph 5.2.2 **shall be limited in scope to the 'Territory' (as defined below)** and to any office, store or other place of business in which, or in connection with which, [Plaintiff] has had business contact with such persons or entities during the twelve (12) calendar months immediately preceding the termination or expiration of this Agreement for any reason;" (emphasis added).

12. Paragraph 5.2.3 of the Agreement likewise purports to be a non-solicitation of customers provision and provides: "[Plaintiff] shall not directly or indirectly…interfere or attempt to interfere with the terms or other aspects of the relationship between [Defendant] and any person or entity from whom [Defendant] has purchased, leased, or sold equipment, supplies or inventory

at any time during the twelve (12) calendar months immediately preceding the termination or expiration of this Agreement for any reason;"

13.     Paragraph 5.2.4 of the Agreement purports to be a non-competition provision and provides: "[Plaintiff] shall not directly or indirectly…compete with the [Defendant], its successors and assigns by engaging, directly or indirectly, in the Business as conducted at the Designated Stores or in a business substantially similar to the Business as conducted at the Designated Stores, **within the 'Territory,' as hereinafter defined**." (emphasis added).

14.     Paragraph 5.2.5 of the Agreement likewise purports to be a non-competition provision and provides: "[Plaintiff] shall not directly or indirectly… solicit or sell for…or become employed or engaged by…any person, corporation, or other entity that is directly or indirectly engaged in a business **in the 'Territory,' as hereinafter defined**, which is substantially similar to the Business as conducted at the Designated Stores or competitive with [Defendant's] Business as conducted at the Designated Stores…" (emphasis added).

15.     Paragraph 5 of the Agreement defines "Territory" as follows: "As used herein, the **'Territory' means the geographical area within a fifty (50) mile radius of any of the [Defendant's] stores** in which, or connection with which, Employee performed or was responsible for performing services at any time at any time during the twelve (12) calendar months immediately preceding the termination or expiration of this Agreement for any reason (the 'Designated Stores')." (emphasis added).

16.     Paragraph 5 of the Agreement does not list any parishes or municipalities where Plaintiff is precluded from competing against the Defendant or in which Plaintiff is precluded from soliciting Defendant's customers.

17.     La. Rev. Stat. § 23:921 governs non-compete and non-solicitation agreements in

Louisiana and provides in relevant part:

> "A.(1) *Every contract or agreement*, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, *except as provided in this Section, shall be null and void*. However, every contract or agreement, or provision thereof, which *meets the exceptions as provided in this Section*, *shall be enforceable*.
>
> \*\*\*
>
> C. *Any person*, including a corporation and the individual shareholders of such corporation, *who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment*…"

(emphasis added).

18. An agreement limiting competition must strictly comply with the requirements of La. Rev. Stat. § 23:921.

19. To the extent Paragraph 5 of the Agreement seeks to restrain Plaintiff from working for a competitor of the Defendant, it is invalid, null and void, and unenforceable pursuant to La. Rev. Stat. § 23:921 because it fails to list the specific counties, parishes, or municipalities where Plaintiff is precluded from working or engaging in competition.

20. To the extent Paragraph 5 of the Agreement seeks to restrain Plaintiff from soliciting customers of the Defendant, it is invalid, null and void, and unenforceable pursuant to La. Rev. Stat. § 23:921 because it fails to list the specific counties, parishes, or municipalities where Plaintiff is precluded from soliciting Defendant's customers.

21. Paragraph 12 of the Agreement is entitled "Governing Law, Forum" and provides: "This Agreement shall in all respects be governed by and construed according to the laws of Louisiana. Any suit or other proceeding arising out of or relating to this Agreement shall be

instituted and maintained in the state and federal courts sitting in Parish Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Cameron, Catahoula, Claiborne, Concordia, De Soto, East Baton Rouge, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jefferson, Jefferson Davis, La Salle, Lafayette, Lafourche, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines Pointe Coupee, Rapides, Red River, Richland, Sabine, St. Bernard, St. Charles, St. Helena, St. James, St. John The Baptist, St. Landry, St. Martin, St. Tammany, Tangipahoa, Tensas, Terrebonne, Union, Vermillion, Vernon, Washington, Webster, West Baton Rouge, West Carroll, West Feliciana, Winn County, Louisiana, absent written consent of [Defendant] to the contrary. [Plaintiff] expressly waives any objections to such jurisdiction and venue and irrevocably consents and submits to the personal and subject matter jurisdiction of such courts in any such action or proceeding."

22. Paragraph 12 of the Agreement is null and void and unenforceable pursuant to La. Rev. Stat. § 23:921(A)(2), which provides: "The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment ... shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action."

23. Plaintiff has never ratified Paragraph 12 of the Agreement.

24. On February 24, 2021, Plaintiff resigned from his employment with the Defendant and thereafter accepted employment with EquipmentShare as a Regional Sales Director.

25. On March 17, 2021, Defendant sent a cease and desist letter to the Plaintiff threatening legal action and demanding that he refrain from working for EquipmentShare in Louisiana and that he not solicit any of the Defendant's customers.

26. Plaintiff intends to respond to the letter by advising that Sunbelt's non-competition and customer non-solicitation provisions in the Agreement are invalid, null and void, and unenforceable under Louisiana law.

## DECLARATORY JUDGMENT

27. In an effort to bring finality to the question of whether Plaintiff is lawfully exercising his common right to earn a living for himself and his family at EquipmentShare free of any restrictions, Plaintiff files this lawsuit and seeks the assistance of this Honorable Court in the form of a declaratory judgment as prayed for herein.

28. Plaintiff seeks a declaratory judgment that the non-competition and non-solicitation provisions, more specifically Paragraphs 5.2, 5.2.1, 5.2.2, 5.2.3, 5.2.4, and 5.2.5 are invalid, null and void, and unenforceable under Louisiana law.

29. Plaintiff also seeks a declaratory judgment that the choice of law and forum selection clause, more specifically Paragraph 12, is invalid, null and void, and unenforceable under Louisiana law.

## PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiff Jason Daniel prays that Defendant Sunbelt Rentals, Inc. be required to Answer this Complaint for Declaratory Judgment within the delays provided for by law and that after due proceedings had, a declaratory judgment be entered in his favor, decreeing that Paragraphs 5.2, 5.2.1, 5.2.2, 5.2.3, 5.2.4, 5.2.5 and 12 of the Agreement are invalid, null and void, and unenforceable under Louisiana law.  Plaintiff Jason

Daniel further prays for an award of all costs of these proceedings, as well as any further relief for which he may be entitled under the law or in equity.

                                                    Respectfully Submitted:

**ADAMS AND REESE LLP**

       */s/ Gregory F. Rouchell*
Gregory F. Rouchell (#28746)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
Gregory.Rouchell@arlaw.com

*Counsel for Plaintiff Jason Daniel*